(July 29, 1924.)

In the Matter of DRAINAGE DISTRICT No. 5, BONNER COUNTY, IDAHO; OTTO A. WEILE, Appellant.

[228 Pac. 881.]

DRAINAGE AND DRAINAGE DISTRICTS — CONFIRMATION OF REPORT OF DRAINAGE COMMISSIONERS—DISMISSAL OF PROCEEDINGS—JUDGMENT —LEVY OF TAXES—COSTS AND EXPENSES.

Where, upon a hearing of the report of commissioners of a drainage district, the court refuses to confirm such report but dismisses the proceedings, under the provisions of C. S., sec. 4516, it must render judgment for the costs and expenses of the preliminary proceedings against the district. *Held*, that a judgment awarding costs in favor of certain remonstrants and against the district is not authorized by statute and an attempt to levy taxes based on such judgment is without authority and void, and that an order setting aside a previous order directing sale of lands within the district for such taxes was properly made.

APPEAL from the District Court of the Eighth Judicial District, for Boundary County. Hon. John M. Flynn, Judge.

Appeal from order setting aside and vacating former order directing sale of lands for taxes. *Affirmed.*

J. L. McClear, Sidney H. Smith and Fred B. Morrill, for Appellant.

The improvement not having been made, there seems to be no reason in equity why all the lands in the district should not proportionately pay the expenses which were necessarily incurred in determining the question whether the improvement should be made. (*Northern Pac. Ry. Co. v. Pierce County,* 51 Wash. 12, 97 Pac. 1099, 23 L. R. A., N. S., 286; *State ex rel. O'Phelan v. Lundquist,* 103 Wash. 339, 174 Pac. 440; *Crawford Levee Dist. v. Dunbar,* 107 Ark. 285, 155 S. W. 96; *Ross v. Supervisors of Wright County,* 128 Iowa, 427, 104 N. W. 506, 1 L. R. A., N. S., 431; *Rees v. Valley View Dist.,* 101 Or. 65, 199 Pac. 178.)

Under C. S., sec. 4516, it is provided that upon the dismissal of the proceedings the court shall render judgment against the drainage district for the costs and expenses incurred. And while no specific judgment has been entered by the court against the drainage district specifying the amount of costs incurred, yet the last clause in the judgment of dismissal reads as follows: "It is further ordered, adjudged and decreed that the report of the drainage commissioners be not confirmed and that these proceedings be and they are hereby dismissed with costs in favor of the remonstrants and against the drainage district." This we contend is sufficient under the law; the words "in favor of the remonstrants" is merely surplusage.

The judgment is only void as to the erroneous matters contained therein that were not within the jurisdiction of the court to pass upon. (Black on Judgments, sec. 244.)

The district court being directed, under the statute, to make the order could not thereafter set such order aside

in any event; especially on a motion, not made by the drainage district, or in its behalf, but upon the application and motion of parties not recognized under the · act, or thereunder authorized to appear in the cause for that or any other purpose. (*Spivey v. District Court Ada County,* 37 Ida. 774, 219 Pac. 203; C. S., sec. 6726.)

E. M. Flood and O. C. Wilson, for Respondents.

No tax can be lawfully assessed against the lands within the drainage district for costs and expenses unless judgment therefor be rendered against the drainage district. (C. S., secs. 4516, 4528.)

No tax was lawfully levied on the lands within drainage district No. 5 by reason of the nonpayment of which said lands could lawfully be sold. (C. S., secs. 3223, 3224, 3227, 3234; *Coon v. Sommercamp,* 26 Ida. 776, 146 Pac. 728; *Ford Lumber Co. v. Bartlett,* 32 Ida. 638, 186 Pac. 709; *People v. Moore,* 1 Ida. 662.)

The constitution of Idaho requires that all taxes shall be levied and collected under general laws. (Const., art. 7, sec. 5; *Achenbach v. Kincaid,* 25 Ida. 768, 140 Pac. 529.)

The order for sale of the lands within the drainage district made July 12, 1922, was void for uncertainty. (Black, Tax Titles, secs. 172, 180; C. S., secs. 3241, 3256.)

BUDGE, J.—This action involves proceedings in connection with the organization of a proposed drainage district, known as Drainage District No. 5 of Bonner county. The record is silent as to the earlier proceedings but it is apparent that drainage district commissioners were appointed, also that such commissioners prepared and filed their report, setting forth the proposed system of drainage, with plans and specifications and an assessment of benefits and damages; that a date was set for the hearing and confirmation of such report; that proper notice of such hearing was given and that objections were filed to the confirmation of such report. Our attention is first called to the findings of fact, conclusions of law and decree made by the trial

court on January 22, 1916, upon this hearing. By its decree the lower court upheld the constitutionality of the drainage law under which the proceedings were brought but dismissed the proceedings upon the ground that 1,100 acres of Indian lands were included in the proposed drainage district, which, though they would be benefited, could not be assessed for their share of the cost of such district for the reason that the title to such lands was in the United States government. The decree also provided:

"It is further ordered, adjudged and decreed that the report of the Drainage Commissioners be not confirmed and that these proceedings be and they are hereby dismissed *with costs in favor of the remonstrants and against the Drainage District.*"

On February 21, 1916, an itemized statement of expenses incurred by the commissioners was filed with the clerk of the lower court. On February 15, 1916, a motion was made by the commissioners to vacate the findings of fact, conclusions of law and decree, setting forth among other things, that no judgment was rendered against said district for the expenses incurred by them prior to such decree in connection with the organization of the district, as provided by statute. This motion was overruled by the court on February 21, 1916. On December 23, 1916, an "assessment-roll to pay costs and expenses incurred by Drainage Commissioners of Drainage District No. 5, Bonner County, State of Idaho," was filed with the clerk of the lower court. On June 7, 1922, a petition was filed by appellant, in his own behalf and in behalf of all persons similarly situated, in which he sets forth all of the proceedings heretofore mentioned, and in addition alleges that more than one year has elapsed since the tax levy was attempted to be made by the commissioners of the district and that he is the holder of certain warrants issued by the drainage commissioners in payment of costs and expenses incurred in connection with said drainage district and that such warrants have not been paid. The petition prayed for an order directing the sale of the real estate as shown by the assessment-roll

aforesaid in payment of the taxes alleged to have been levied by the commissioners. An order as prayed for was made by the court on July 12, 1922. A motion was then made by certain land owners within the proposed district, on September 6, 1922, to vacate and set aside the order made on July 12, 1922, and on October 30, 1922, the court sustained the motion and entered its order vacating and setting aside said order to sell such real estate. From the order of October 30, 1922, this appeal is taken.

Appellant assigns as error the action of the court in making the order appealed from and in vacating its former order. To our minds the pivotal question involved in this appeal is whether the tax attempted to be levied by the commissioners for the payment of preliminary costs and expenses of the proposed drainage district was levied pursuant to a valid judgment. C. S., sec. 4516, provides that:

"In case the report of the commissioners hereinbefore provided for shall not be confirmed upon the hearing of the objections and remonstrances hereto, the court shall dismiss such proceedings and *in such case judgment shall be rendered for the costs and expenses of said proceedings against said district,* and no further proceedings shall be had or done thereon; and in that event the commissioners within 30 days after such dismissal shall file with the clerk of the court a statement of all costs and expenses incurred by them which statement shall be itemized and verified by the oath of one of the commissioners; Provided, that in case of such dismissal the said commissioners shall have the right of appeal to the supreme court and such appeal shall be taken in the same manner as provided for in section 4515."

The decree entered in the instant case provided, among other things, that:

"It is further ordered, adjudged and decreed that the report of the Drainage Commissioners be not confirmed and that these proceedings be and they are hereby dismissed *with costs in favor of the remonstrants and against the Drainage District.*"

39 Idaho.—31

It is to be observed that the remonstrants were land owners within the proposed district and no judgment is authorized under the statute in their favor. The statute provides that judgment for costs and expenses incurred shall be entered against the district but no such judgment was entered in this case. The commissioners evidently took the position that the award of costs as entered by the court was erroneous, inasmuch as they sought by motion to set aside the findings, conclusions and decree, but which motion the court overruled. However, we find no appeal taken by the commissioners, either from the judgment or from the order refusing to vacate the judgment. It seems apparent from the judgment entered that the court intended to and did, erroneously, award judgment in favor of the remonstrants for their costs against the district, such costs being incidental to their objections, but entered no judgment against the district for the payment of the costs and expenses incurred in connection with the preliminary proceedings for its organization. C. S., sec. 4516, provides that in case of dismissal of the proceedings "judgment shall be rendered for the costs and expenses of said proceedings against said district." C. S., sec. 4528, provides that a tax shall be levied sufficient in amount to pay "said judgment." There must be a judgment against the district before a tax levy can be made by the commissioners to pay such costs and expenses.

The court did not err in vacating and setting aside its order made on July 12, 1922, directing the sale of lands within the proposed district for taxes levied to pay the preliminary costs and expenses of the proposed district, for the reason that no valid judgment had been entered for such costs and expenses and the attempted levy made by the commissioners was without authority for the reason that the same is contrary to the provisions of C. S., sec. 4516.

It therefore follows that the order appealed from should be affirmed, and it is so ordered. Costs are awarded to respondents.

McCarthy, C. J., and William A. Lee, J., concur.